RECEIVED CLERK'S OFFICE

2008 FEB 26  P 2: 02

DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON, SC

## UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Thomas Louis Davis,  #16672, | ) C/A No. 9:07-3976-GRA-GCK |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) **REPORT AND** |
| Eric Erickson; Christine Wilson; Larry Weidner; James | ) **RECOMMENDATION FOR** |
| Bukoffsky; Brian Chapman; Phillip Foote; Elizabeth Smith; | ) **PARTIAL SUMMARY DISMISSAL** |
| Lester Williams; Gene Hood; Matthew Walker; Angela | ) |
| McCall Tanner; Larry Ballweg; Coleman Hookay Loo; | ) |
| Shalerria Webster; Evette Webster Robinson; Kevin | ) |
| Cleveland; Joanne Dubose, | ) |
| | ) |
| Defendant. | ) |

The plaintiff, Thomas Louis Davis ("Plaintiff"), proceeding *pro se*, brings this action pursuant to 42

U.S.C. § 1983.[1]  Plaintiff is imprisoned at the Beaufort County Detention Center and files this action *in*

*forma pauperis* under 28 U.S.C. § 1915.  The complaint names several individuals, as well as government

officials and employees as defendants.[2]  Plaintiff's claims relate to state criminal proceedings pending in

state court against Plaintiff, as well as conditions of confinement at the Beaufort County Detention Center.

The complaint requests monetary damages.  The complaint fails to state a claim under § 1983 against several



of the defendants, and those defendants should be dismissed as parties prior to service.

### *Pro Se* and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro*

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B) and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2] Title 28 U.S.C. § 1915A (a) requires review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

*se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison

Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light

of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319,

324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951

(4th Cir. 1995); and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

This complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to

commence an action in federal court without prepaying the administrative costs of proceeding with the

lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the

case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous

or malicious." 28 U.S.C. § 1915(e)(2)(B)(i), (ii).

This Court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97 (1976),

holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 9 (1980).

Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The

mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the

pleadings to state a valid claim on which the plaintiff could prevail, it should do so. However, the

requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to

allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc.*

*Servs.*, 901 F.2d 387 (4th Cir. 1990).

### Discussion

The law is well settled that federal courts are courts of limited jurisdiction, possessing only that

power authorized by Constitution and statute. *Willy v. Coastal Corp.*, 503 U.S. 131, 136-37 (1992); *Bender*

*v. Williamsport Area School Dist.*, 475 U.S. 534, 541 (1986). The Court has subject matter jurisdiction in

this case under 28 U.S.C. § 1331, "federal question," because the complaint is filed pursuant to 42 U.S.C. § 1983. A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). The civil rights statute, § 1983, "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994), *quoting Baker v. McCollan*, 443 U.S. 137, 144, n. 3 (1979). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Several of the individuals named as defendants in the complaint did not act under color of state law. Private action by individuals that are not state officials, employees or whose actions otherwise may be fairly treated as that of the state itself, are not subject to suit under § 1983. *Conner v. Donnelly*, 42 F.3d 220 (4th Cir. 1994). The complaint names as defendants five attorneys: Defendants Erickson, Weidner, Hood, Walker and Loo. An attorney, whether retained, court-appointed, or a public defender, does not act under color of state law. *Deas v. Potts*, 547 F.2d 800 (4th Cir. 1976)(private attorney); *Hall v. Quillen*, 631 F.2d 1154, 1155-1156 & nn. 2-3 (4th Cir. 1980), *cert. denied*, 454 U.S. 1141 (1982)(court-appointed attorney); and *Polk County v. Dodson*, 454 U.S. 312, 317-324 & nn. 8-16 (1981)(public defender). Because Plaintiff's allegations do not establish Defendants Erickson, Weidner, Hood, Walker and Loo acted under color of state law, Plaintiff cannot maintain this § 1983 action against them. Similarly, the complaint names as defendants the victims involved in the state criminal proceedings pending against Plaintiff. Defendants Webster, Robinson, and Ballweg do not act under color of state law and Plaintiff cannot maintain this § 1983 action against them.

3

The complaint names an assistant solicitor, Defendant Tanner, as a defendant. Solicitors and Assistant Solicitors in South Carolina prosecute criminal cases for the State. The complaint claims Defendant Tanner made an erroneous or false statement in open court. In *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976), the United States Supreme Court held that prosecutors, when acting within the scope of their duties, have absolute immunity from damages liability under § 1983 for alleged civil rights violations committed in the course of proceedings that are "intimately associated with the judicial phase of the criminal process." A statement in court, even an erroneous one, is clearly part of the judicial phase of the proceedings and Defendant Tanner is immune from suit under § 1983 in this case.

The complaint also names "Court Clerk, Elizabeth Smith" as a defendant. Absolute judicial immunity[3] has been extended to the clerk of court and deputy clerks as quasi-judicial immunity when they "perform tasks that are an integral part of the judicial process." *Mullis v. United States Bankr. Ct. Dist. of Nev.*, 828 F.2d 1385, 1390 (9th Cir. 1987); *see also Lockhart v. Hoenstine*, 411 F.2d 455, 460 (3d Cir. 1969)(recognized immunity enjoyed by judicial and quasi-judicial officers). Filing documents are an integral part of the judicial process, thus Defendant Smith has immunity from suit under § 1983 in this case.



The Defendants Erickson, Weidner, Hood, Walker, Loo, Webster, Robinson, Ballweg, Tanner and Smith should be dismissed as parties in this case because the complaint fails to state a claim upon which relief may be granted against them. 28 U.S.C. § 1915(e)(2)(B)(ii).

### Recommendation

Accordingly, it is recommended that the District Judge dismiss the Defendants Erickson, Weidner,

---

[3] The doctrine of judicial immunity precludes any claim against a judge arising from judicial acts done within a court's jurisdiction. *See Mireles v. Waco*, 502 U.S. 9 (1991); *Stump v. Sparkman*, 435 U.S. 349, 351-364 (1978); *Pressly v. Gregory*, 831 F.2d 514, 517 (4th Cir. 1987); and *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985).

Hood, Walker, Loo, Webster, Robinson, Ballweg, Tanner and Smith as parties in this case without issuance

and service of process for these Defendants.  Process shall issue for service of the remaining defendants.[4]

Plaintiff's attention is directed to the important notice on the next page.

George C. Kosko
United States Magistrate Judge

February 26, 2008
Charleston, South Carolina

---

[4]  On order directing service of Defendants Wilson, Bukoffsky, Chapman, Foote, Williams, Cleveland, and Dubose was issued contemporaneously with this report.

5

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P. O. Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).