UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Thomas Louis Davis, #16672, | ) | C/A No.: 9:07-cv-3976-GRA-GCK |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | (Written Opinion) |
| v. | ) | |
| | ) | |
| Eric Erickson; Christine Wilson; | ) | |
| Larry Weidner; James Bukoffsky; Brian | ) | |
| Chapman; Phillip Foote; Elizabeth; | ) | |
| Smith; Lester Williams; Gene Hood; | ) | |
| Matthew Walker; Angela McCall | ) | |
| Tanner; Larry Ballweg; Coleman | ) | |
| Hookay Loo; Shalerria Webster; | ) | |
| Evette Webster Robinson; | ) | |
| Kevin Cleveland; and Joanne Dubose; | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the Court for a review of the magistrate's Report and Recommendation filed on February 26, 2008, and made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(d), D.S.C. Plaintiff brought this action seeking relief pursuant to Title 42, United States Code, Section 1983. The magistrate recommends that this Court dismiss Defendants Erickson, Weidner, Hood, Walker, Loo, Webster, Robinson, Ballweg, Tanner and Smith, without issuance and service of process, because the complaint fails to state a claim upon which relief may be granted against them. He further recommends that process be issued for service of the remaining defendants.

## **Standard of Review**

Plaintiff brings this action *pro se*. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id*. In the absence of objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Plaintiff filed objections to the Report and Recommendation on March 6, 2008.

**Objections**

Overall, the plaintiff does not state any specific objection to the magistrate's Report and Recommendation. He merely restates and reargues the issues that were set forth in his complaint. These issues were correctly addressed by the magistrate and this Court will not address the issues a second time. Moreover, Plaintiff's objections are general and conclusory. Therefore, the objections lack specificity to trigger *de novo* review and will not be addressed. However, the Court will address two portions of Plaintiff's objections.

First, Plaintiff claims that Defendant Tanner, the assistant solicitor who prosecuted his case, acted outside the scope of her duties "when [she was] freely offered my case load without being authorized to do so." (Plaintiff's Objections 2, 9.) The Court finds that this objection has no merit. It is a general statement, and there is nothing to suggest that by accepting Plaintiff's case, Defendant Tanner acted outside the scope of her authority as an assistant solicitor.

Next, on page 5 of the objections, Plaintiff states that "[q]ualified immunity is available only in an individual capacity lawsuit, not in an official capacity action." (Pl's. Objs. 5.) The Court notes that the magistrate did not dismiss any of the defendants on the basis of qualified immunity. He dismissed Defendant Tanner on the basis of absolute immunity, because he concluded that she acted within the scope of her duties as an assistant solicitor. (Report and Recommendation 4.) Further, he dismissed Defendant Elizabeth Smith, the clerk of court, on the basis of quasi-judicial

immunity. (R & R 4.) Therefore, Plaintiff's statement regarding qualified immunity is without merit.

After a review of the magistrate's Report and Recommendation and the objections thereto, this Court finds the report is based upon the proper law. Accordingly, the Report and Recommendation is accepted and adopted in its entirety.

IT IS HEREBY ORDERED that Defendants Erickson, Weidner, Hood, Walker, Loo, Webster, Robinson, Ballweg, Tanner and Smith be DISMISSED as parties in this case without issuance and service of process.

IT IS FURTHER ORDERED that process be issued for service of the remaining defendants.

**IT IS SO ORDERED.**

G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

April 10, 2008
Anderson, South Carolina

### NOTICE OF RIGHT TO APPEAL

Pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, Plaintiff has the right to appeal this Order within thirty (30) days from the date of its entry. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, **will waive the right to appeal**.