IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Thomas Louis Davis, ) | C/A No. 0:07-3976-GRA-PJG |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Christine L. Wilson; James Bukoffsky; Brian ) | |
| Chapman; Phillip Foote; Lester Williams; ) | |
| Kevin R. Cleveland; and Joanne DuBose; ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This civil rights matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC on a motion for summary judgment by Defendant DeBoe[1] (Docket Entry 45) and a motion for summary judgment by Defendants Wilson, Bukoffsky, Chapman, Foot[2], Williams, and Cleveland (Docket Entry 55).[3] The plaintiff, Thomas Louis Davis ("Davis"), a former pretrial detainee proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983 claiming that the defendants violated his constitutional rights. Defendant DeBoe is a nurse who provides medical care under contract with the Beaufort County Detention Center. Davis's claim against Defendant DeBoe is that she failed to provide proper medical treatment to him while he was a detainee. Defendant Foot is the director of the Beaufort County Detention Center. Davis's claims against Foot stem from allegations of an injury that he sustained at Berkeley County Detention Center and the medical

---

[1] Defendant Joanne DuBose, as identified in Davis's Complaint, is actually named Joanne DeBoe. (Def.'s Mem. Supp. Mot. Summ. J., Docket Entry 45-3 at 1 n.1.)

[2] Defendant Phillip Foote, as identified in Davis's Complaint, is actually named Philip Foot. (Foot Aff., Docket Entry 55-3 at 1.)

[3] On April 10, 2008, the court dismissed Davis's Complaint against Defendants Erickson, Weidner, Hood, Walker, Loo, Webster, Robinson, Ballweg, Tanner, and Smith. (Docket Entry 30.)

treatment he received thereafter. Defendants Wilson, Bukoffsky, Chapman, and Williams are sheriff's deputies with the Beaufort County Sheriff's Department. Defendant Cleveland is a probation officer with the South Carolina Department of Probation, Pardon and Parole Services. Davis's claims against these defendants involve false statements to the press and allegations that there was no probable cause for his arrests for his initial criminal charges and a probation violation. He seeks damages pursuant to 42 U.S.C. § 1983 as well as asserting state law claims for false arrest, malicious prosecution, conspiracy, defamation, negligence, lost wages, lost property, and pain and suffering. (Compl., Docket Entry 1 at 11-12.)

## PROCEDURAL HISTORY

The defendants have moved for summary judgment. (Docket Entries 45, 55.) By orders of this court filed on May 22, 2008 and August 20, 2008, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Davis was advised of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately. (Docket Entries 46, 59.) Davis responded in opposition to the defendants' motions. (Docket Entries 48, 70.) The motions are now before the court for a Report and Recommendation.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(e). Further, while the federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir.1990).

## DISCUSSION

To state a claim for damages under 42 U.S.C. § 1983, an aggrieved party must allege: (1) that he or she was injured; (2) by the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States; (3) by a person acting under color of state law. See 42 U.S.C. § 1983.

As a threshold matter, Davis's complaints relating to incidents that occurred while he was detained at the Beaufort County Detention Center must be dismissed because he did not exhaust his

administrative remedies as required by the Prison Litigation Reform Act. 42 U.S.C. § 1997e(a). Section 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."[4] To satisfy this requirement, a plaintiff must avail himself of every level of available administrative review. See Booth v. Churner, 532 U.S. 731 (2001). Satisfaction of the exhaustion requirement requires "using all steps that the agency holds out, and doing so properly." Woodford v. Ngo, 548 U.S. 81, 81 (2006) (quoting Pozo v. McCaughtry, 286 F.3d 1022, 1024 (7th Cir. 2002)). Thus, "it is the prison's requirements, and not the [Prison Litigation Reform Act], that define the boundaries of proper exhaustion." Jones v. Bock, 549 U.S. 199, 218 (2007).

Here, Davis has presented no evidence to refute the assertion of the defendants that the Beaufort County Detention Center has a grievance policy by which a detainee may seek redress for complaints. (See Foot Aff. Ex. 2, Docket Entry 55-3 at 20-22.) Further, the face of Davis's Complaint shows that he filed no grievance regarding the matters he challenges in this action. (Compl., Docket Entry 1 at 2.)

Even if Davis had exhausted his administrative remedies, Defendants DeBoe and Foot are nonetheless entitled to summary judgment. Davis's claims against DeBoe are essentially medical malpractice claims, which cannot be litigated in a § 1983 case. See Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985) ("Negligence or malpractice in the provision of medical services does not constitute a claim under § 1983."); see also Estelle v. Gamble 429 U.S. 97, 106 (1976) ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.").

---

[4] Pretrial detainees are specifically included in this requirement pursuant to § 1997e(h), which defines a "prisoner" as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law."

All of his claims relating to his detention in the Beaufort County Detention Center stem from the alleged injury he sustained to his back while there and the quality of medical treatment he received for various ailments during his detention. (Compl., Docket Entry 1 at 8-9.) He does not allege, and has submitted no evidence from which a reasonable jury could find, that either of these defendants was deliberately indifferent to his needs. Patten v. Nichols, 274 F.3d 829, (4th Cir. 2001) ("This circuit, however, has concluded that denial-of medical-care claims asserted by pre-trial detainees are governed by the deliberate indifference standard."); see also Farmer v. Brennan, 511 U.S. 825, 847 (1994) (stating that the standard of deliberate indifference requires actual knowledge of a substantial risk of harm and disregard of that substantial risk). Rather, the unrefuted evidence shows that Davis received medical attention for every complaint he raised. (Docket Entries 45-4, 45-5.)

Additionally, Defendant Foot is entitled to qualified immunity. See Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982) (recognizing qualified immunity for a governmental official's conduct when performing a discretionary function if the conduct does not violate clearly established rights of which a reasonable person would have known). Defendant Foot reasonably relied upon health care contractors to provide adequate medical treatment for Davis.

Moreover, Davis's claims relating to the alleged lack of probable cause for his arrests also fail. To the extent Davis seeks to invalidate his confinement, such relief cannot be obtained in an action pursuant to 42 U.S.C. § 1983. See Wilkinson v. Dotson, 544 U.S. 74, 78 (2005). A claim for damages for actions whose unlawfulness would render a conviction or sentence invalid is not cognizable under 42 U.S.C. § 1983 unless the plaintiff proves that the conviction or sentence has been reversed on appeal, expunged, invalidated by a state tribunal authorized to make such a determination, or called into question by issuance of a federal writ of habeas corpus. Heck v. Humphrey, 512 U.S. 477 (1994). Having pled guilty, Davis cannot now recover damages based on

a claim that his arrest was invalid.  See Williams v. Schario, 93 F.3d 527, 528-29 (8th Cir. 1986) (stating that "a guilty plea forecloses a section 1983 claim for arrest without probable cause").

Additionally, Defendants Wilson, Chapman, Bukoffsky, Williams, and Cleveland are entitled to summary judgment because, as state officials, they are not "persons" under 42 U.S.C. § 1983 and are immune from suit under the Eleventh Amendment to the United States Constitution.  Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989) (holding that neither a State nor its officials acting in their official capacities are "persons" under § 1983); Gulledge v. Smart, 691 F. Supp. 947, 954 (D.S.C. 1988) (holding that both sheriffs and deputy sheriffs are agents of the State and immune from suit).  Further, the court recommends that supplemental jurisdiction should not be exercised over any state law claims that may have been asserted against DeBoe and Foot.  See 28 U.S.C. 1367(c).

## RECOMMENDATION

For all of the foregoing reasons, the court recommends that the defendants' motions for summary judgment (Docket Entries 45, 55) be granted.

*Paige J. Gossett*
_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

February 23, 2009
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985).